IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



ROBERTO BARRIENTOS, §
a/k/a ROBERTO MARTINEZ, §
TDCJ-CID No. 02067337, §
 §
 §
Plaintiff, §
 §
v. § 2:18-CV-152-Z-BR
 §
NFN DAVIS, *et al.*, §
 §
Defendants. §

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

This matter comes before the Court on Plaintiff's civil rights complaint brought pursuant to 42 U.S.C. § 1983 against the above-referenced Defendants, filed August 20, 2018 (ECF No. 3) ("Complaint"). Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. Plaintiff was granted permission to proceed *in forma pauperis*. For the reasons discussed herein, Plaintiff's Complaint is **DISMISSED**.

FACTUAL BACKGROUND

Plaintiff challenges actions by Defendants that took place close in time to receiving a disciplinary case for being "out of place." *See* ECF No. 3, at 4. Plaintiff twice indicates he is seeking a civil rights action and not a habeas action (ECF No. 3, at 1-4; ECF No. 6, at 1), but does indicate by his filings that he wants his disciplinary case overturned. *See* ECF No. 3, at 3-4; *see also* ECF No. 6, at 1. Plaintiff does not allege that he was denied due process during his disciplinary hearing, but rather claims Defendants (1) falsely reported him out of place; (2) used abusive

language towards him; and (3) failed to wait to impose punishment until after the appeal was completed. *See* ECF No. 3, at 3.

**LEGAL STANDARD**

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

**ANALYSIS**

To the extent that Plaintiff presents any habeas claim, he has failed to state a cognizable habeas action. In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, an individual must, at a minimum, be eligible for mandatory supervised release *and* have received a punishment sanction that included forfeiture of previously accrued good-time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). In his Complaint, Plaintiff fails to allege the loss of any good time credits. As the law in the Fifth Circuit currently

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

2

stands, he has not alleged a punishment sanction that included the forfeiture of previously accrued good time credits; thus, he cannot receive federal habeas corpus relief.

To any extent Plaintiff is requesting monetary damages for due process violations during his disciplinary hearing (such as any claim that a Defendant provided false testimony or that his punishment was imposed before his appeal was perfected), such claims are frivolous until the *Heck* conditions are met. The Supreme Court has held that a Section 1983 claim which attacks the constitutionality of a conviction (or imprisonment, as the case may be) does not accrue until that conviction (or sentence) has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477 (1994); *see also Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995). In *Edwards v. Balisok*, the Supreme Court approved the application of the *Heck* doctrine to the prison disciplinary setting and held that a state prisoner's claim for damages in a challenge to the validity of the procedures used to deprive him of good-time credits was not cognizable under Section 1983. *Edwards v. Balisok*, 520 U.S. 641 (1997).

Insofar as Plaintiff may seek compensatory damages for "abusive language" used by the Defendants, Plaintiff's claim is frivolous. Generally, threatening or abusive language and gestures of a custodial officer do not, even if true, amount to constitutional violations. *Bender v. Brumley*, 1 F.3d 271, 274 n.3 (5th Cir. 1993); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983). The use of words, no matter how violent, does not comprise a Section 1983 violation. *Johnson v. Glick*, 481 F.2d 1029, 133 n.7 (2d Cir. 1973); *see also White v. Guiterez*, 274 Fed. Appx 349 (5th Cir. 2008) (not designated for publication) (inmate alleged that prison guards sexually harassed him by calling him names concerning his sexual orientation; Fifth Circuit held that verbal abuse and

3

threatening language and gestures do not give rise to a cause of action under Section 1983).

**CONCLUSION**

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), it is **ORDERED** that the Complaint filed by Plaintiff pursuant to 42 U.S.C. § 1983 be **DISMISSED** with prejudice.

**SO ORDERED.**

June 2, 2021.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE